UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY LOUISE LUCIEN COSTE ET AL.            CIVIL ACTION

v.                                         NO. 13-119

LEE OTIS JACKSON ET AL.                     SECTION F

ORDER AND REASONS

Before the Court is defendants' motion for partial summary judgment regarding the "no pay, no play" affirmative defense. For the reasons that follow, the motion is GRANTED.

Background

This case arises out of a motor vehicle accident.

On November 20, 2011, Clint Lee Coste, Sr. was driving a motorcycle north on Almonaster Avenue in New Orleans when he collided with a freightliner truck and trailer at the intersection of Almonaster and North Tonti Street.  Lee Otis Jackson was driving the truck, which was owned by Troy Wilson. As a result of the accident, Mr. Coste sustained fatal bodily injuries.

On November 14, 2012, Mary Louise Coste, in her capacity as the dative tutrix of Mr. Coste's minor child, Cordelle Keith Holland, sued in state court, alleging claims for wrongful death and survival, and naming as defendants Mr. Jackson, Mr. Wilson, and Acceptance Indemnity Insurance Company.  Invoking diversity

1

jurisdiction, defendants removed the case to this Court on January 23, 2013.  Defendants now move for partial summary judgment, asserting that there is no genuine issue of material fact, that the "no pay, no play" affirmative defense applies, and, therefore, plaintiff is precluded from recovering the first $15,000 in damages that may be awarded.

## Legal Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v.

2

<u>Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  <u>Id.</u>  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

## I. <u>Discussion</u>

Defendants contend that plaintiff is precluded from recovering the first $15,000 that may be awarded in damages because the decedent, as operator of a motor vehicle, failed to carry liability insurance.  The Court agrees, but only in respect to damages that may be awarded in connection with the plaintiff's survival action.

Under Louisiana law, an owner or operator of a motor vehicle is penalized for failure to maintain a liability insurance policy with minimum limits.  Often called the "no pay, no play" statute, Louisiana Revised Statute § 32:866 provides defendants with an affirmative defense:

> A. (1) There should be no recovery for the first fifteen thousand dollars of bodily injury and no recovery for the first twenty-five thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
>
> . . . .
>
> B.  Each person who is involved in an accident in which the other motor vehicle was not covered by compulsory motor vehicle liability security and who is found to be liable for damages to the owner or operator of the other motor vehicle may assert as an affirmative defense the limitation of recovery provisions of Subsection A of this Section.

La. R.S. § 32:866(A)(1), (B).  As succinctly stated by the Louisiana Supreme Court:  "[I]f a motorist fails to pay for liability coverage to protect others, he cannot 'play' in the legal system, at least to the collection of his first $1[5],000 damages." Progressive Sec. Ins. Co. v. Foster, 97-2985, p. 3 (La. 4/23/98); 711 So. 2d 675, 679.  The party asserting the affirmative defense has the burden of proving that the victim was uninsured.  See Henderson v. Geico Gen. Ins. Co., 36-696, pp. 5-6 (La. App. 2 Cir. 1/29/03); 837 So. 2d 736, 740.

The parties do not dispute that Mr. Coste was an "operator" and that the motorcycle in question was a "motor vehicle" under the terms of the statute.  The parties also appear to be in agreement that Mr. Coste was not carrying liability insurance for the motorcycle that he was operating at the time of the accident. Defendants submit plaintiff's interrogatory answers in which

4

plaintiff concedes this point numerous times,[1] and plaintiff fails to refute it in any way.  Instead, plaintiff disputes whether La. R.S. § 32:866 is applicable in wrongful death and survival actions, and, if applicable, which action is affected by the reduction in damages.

The Court finds no reason why the "no pay, no play" affirmative defense would be unavailable to a defendant in a survival action.  The plain language of the statute states:

> There **should be no recovery** for the first fifteen thousand dollars of bodily injury . . . damage **based on any cause or right of action arising out of a motor vehicle accident, for such injury** or damages **occasioned by an owner or operator** of a motor vehicle involved in such accident . . . .

La. R.S. § 32:866(A)(1).  Under Louisiana law, a survival action compensates for the damages suffered by the victim from the time of the injury to the moment of his death.  <u>See, e.g.</u>, <u>Taylor v. Giddens</u>, 618 So. 2d 834 (La. 1993).  The fact that the victim's right to bring this claim passes to a surviving family member does not render La. R.S. § 32:866 inapplicable.  The statute

---

[1] In response to interrogatories, plaintiff stated: "The bike that [Coste] rode was a 2006 Kawasaki Motorcycle that was registered to Mid City Automotive at the time of death."  When asked for the name and address of each insurer that provided coverage for the vehicle Mr. Coste was operating at the time of the accident, plaintiff answered:  "Clint Lee Coste, Sr. did not have liability insurance for the vehicle he was operating at the time of the alleged accident nor did Mid City Automotive."  Again, when asked for copies of all liability insurance policies that provided coverage to the vehicle Mr. Coste was operating at the time of the alleged accident, plaintiff responded:  "There are none."

applies to "any cause or right of action" for damages "occasioned by" the motor vehicle operator who failed to carry insurance. The Louisiana Supreme Court has held that the words "occasioned by" mean "suffered by" in the context of this statute. Progressive, 97-2985 at p. 14; 711 So. 2d at 684.  Simply put, there can be no recovery for the first $15,000 of bodily injury damages suffered by an uninsured motor vehicle operator. Therefore, based on the plain language of the statute and the injuries a survival action is designed to compensate, the Court finds that La. R.S. § 32:866 is available in survival actions; a conclusion supported by the case literature.  See, e.g., McGrail v. Lee, 35-756, p. 2 (La. App. 2 Cir. 4/3/02); 814 So. 2d 729, 732 (noting that the damages awarded for the survival claim were reduced to account for "the statutory penalty for non-insurance").  The Court agrees with the plaintiff, however, that La. R.S. § 32:866 does not affect the recovery of damages for wrongful death, which is a separate claim that compensates for different injuries, namely, the injuries that *family members* (not the operator of the motor vehicle) suffer from the moment of the victim's death and thereafter.  See Taylor, 618 So. 2d at 840 ("Wrongful death damages compensate beneficiaries for their *own* injuries." (emphasis added)); see also McGrail, 35-756 at p. 2; 814 So. 2d at 732 (reducing the damages awarded to the decedent

pursuant to La. R.S. § 32:866 but not the damages awarded to the surviving children).

Even evaluating the facts in a light most favorable to the plaintiff, the Court finds that no genuine issue of material fact exists as to whether Mr. Coste was carrying insurance for the motorcycle he was operating at the time of the accident, and any reward for damages in connection with the survival action should be reduced accordingly.  IT IS HEREBY ORDERED that the defendants' motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, May 30, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE