UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY LOUISE LUCIEN COSTE ET AL.                CIVIL ACTION

v.                                             NO. 13-119

LEE OTIS JACKSON ET AL.                        SECTION F

ORDER AND REASONS

Before the Court is defendants' motion for partial summary judgment on plaintiff's survival claim for pre-death pain and suffering damages.  For the reasons that follow, the motion is GRANTED.

Background

This case arises out of a motor vehicle accident.  On November 20, 2011, Clint Lee Coste, Sr. was driving a motorcycle north on Almonaster Avenue in New Orleans when he collided with a freightliner truck and trailer at the intersection of Almonaster and North Tonti Street.  Lee Otis Jackson was driving the truck, which was owned by Troy Wilson.  As a result of the accident, Mr. Coste sustained fatal bodily injuries.

On November 14, 2012, Mary Louise Coste, in her capacity as the dative tutrix of Mr. Coste's minor child, Cordelle Keith Holland, sued in state court, alleging claims for wrongful death and survival, and naming as defendants Mr. Jackson, Mr. Wilson, and Acceptance Indemnity Insurance Company.  Invoking diversity

1

jurisdiction, defendants removed the case to this Court on January 23, 2013. Defendants now move for partial summary judgment on plaintiff's survival claim, asserting that no genuine issue of material fact exists as to Mr. Coste's consciousness after the accident, and, therefore, plaintiff cannot recover for pre-death pain and suffering.

## Legal Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## I. Discussion

Defendants contend that summary judgment is appropriate on plaintiff's survival claim for pre-death pain and suffering damages because no genuine issue of material fact exists as to Mr. Coste's consciousness after the accident.  The Court agrees.

*A.*

In a survival action under Louisiana law, certain beneficiaries of the decedent have the right to recover damages for injuries that the decedent sustained and would have been entitled to recover had the decedent survived.  See La. Civ. Code art. 2315.1.  Survival damages include pain and suffering; however, when there is no indication that a decedent consciously suffered, an award for pre-death pain and suffering should be

denied.  See, e.g., Sacco v. Allred, 2002-0141, p. 11-12 (La. App. 1 Cir. 2/19/2003); 845 So. 2d 528, 538; Samuel v. Baton Rouge Gen. Med. Ctr., 1999-1148, p. 4 (La. App. 1 Cir. 10/2/2000);  Chausse v. Southland Corp., 400 So. 2d 1199, 1203 (La. App. 2 Cir. 1987).  "A damage award for the decedent's pain and suffering cannot be based merely on the fact that death was not instantaneous."  Prysock v. Manchester Tank & Equip. Co., No. 95-2629, 1996 WL 413638, at *3 (E.D. La. July 23, 1996) (granting summary judgment on plaintiff's survival claim for pre-death pain and suffering because plaintiff failed to carry his burden that the decedent was conscious following the injury).

*B.*

Defendants contend that no genuine issue of material fact exists because Mr. Coste never regained consciousness after the accident.  For support, defendants point to the EMS paramedics' report and the medical records from the interim LSU hospital. The paramedics arrived at the site of the accident on November 20, 2011 at 11:22 a.m., stating that they found Coste "unresponsive" and lying in a supine position approximately twenty feet from the motorcycle.  He had lost a quarter liter of blood and both of his pupils were found to be non-reactive.  In addition, the paramedics noted that they observed no respiration.

The paramedics transported Mr. Coste to the interim LSU public hospital, and the medical records state that Mr. Coste was

4

"brain dead" upon presentation to the hospital.  He was placed on mechanical ventilation to allow the doctor to "consult with the family about organ donation"; however, the records indicate that he had no spontaneous respirations on his own.  In addition, he did not cough, gag, or respond to stimuli.  The examining physician stated that there was no reason for neurosurgical intervention, and he recommended the withdrawal of care.  Specifically, the neurosurgeon deemed Mr. Coste's injuries as "incompatible with life."

A follow-up examination performed the morning after the accident, November 21, 2011, indicates that Coste was still "unresponsive" and "unarousable."  Again, there was no gag reflex, no response to pain stimuli, no pupil or corneal reflexes.  Mr. Coste was officially declared dead on November 21, 2011 at 5:00 p.m., and the cause of death was listed as "traumatic brain injury secondary to motorcycle collision."

In sum, defendants contend that the medical evidence mandates the conclusion that Mr. Coste suffered a debilitating brain injury and never demonstrated consciousness or the physiological capacity to respond to pain or other stimuli.  As a result, defendants assert that no genuine issue of material fact exists as to Mr. Coste's pre-death pain and suffering.  See Sacco, 2002-0141 at pp. 11-12; 845 So. 2d at 538 ("Where there is no indication that a decedent consciously suffered, an award for

pre-death pain and suffering should be denied."); <u>see</u> <u>also</u> <u>Prysock</u>, 1996 WL 413638, at *3 (granting summary judgment on plaintiff's survival claim for pre-death pain and suffering damages because plaintiff failed to show that decedent was conscious for any time following the injury).

Plaintiff does not dispute the medical records; rather, plaintiff contends that a "medical professional with the proper credentials" is required to interpret the records to determine pain and suffering.  Plaintiff, however, has failed to identify in her opposition memorandum or witness list the identity of any medical professional who would interpret the medical records in such a manner.

At a minimum, plaintiff speculates that the decedent suffered pre-impact fear, and, therefore, summary judgment on pain and suffering is inappropriate.  <u>See, e.g.</u>, <u>Wright v. Roscoe</u>, 2008-403, pp. 2-3 (La. Cir. 3 Cir. 11/5/2008); <u>Estate of Hickerman v. Zimmerman</u>, 2002-1195, pp. 6-7 (La. Cir. 4 Cir. 7/16/2003); 853 So. 2d 55, 59-60.  Although the Court agrees that pre-impact fear is a component of pain and suffering damages, plaintiff fails to raise a genuine issue of material fact.  <u>See</u> <u>Thomas v. State Farm Ins. Co.</u>, 499 So. 2d 562, 567 (La. App. 2 Cir. 1986).

Plaintiff points to the testimony of defendant Otis Jackson, who was the driver of the truck, and contends that Mr. Jackson

saw "the motorcycle . . . skidding in the street towards his truck and trailer."  Plaintiff fails to reference any specific portion of Jackson's deposition to support the argument that Coste suffered pre-impact fear; instead, plaintiff submits Jackson's entire deposition, summarily asserting that "it is reasonable to conclude" that a genuine issue of material fact exists as to whether decedent suffered pre-impact fear.  Conclusory allegations and the mere argued existence of a factual dispute are insufficient to defeat an otherwise properly supported motion.  See Anderson, 477 U.S. at 248; Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) ("Mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."); see also Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (citation and internal quotation marks omitted)).

Plaintiff also contends that this motion is "not ripe" because testimony has yet to be elicited from "10 or so people who were witnesses to the immediate aftermath of this collision."

The Fifth Circuit has repeatedly stated that the asserted need for discovery will not trump a properly supported motion for summary judgment.  See, e.g., Reese v. Anderson, 926 F.2d 494, 499 n.5 (5th Cir. 1991) ("In the context of a summary judgment motion, vague assertions of the need for additional discovery are as unavailing as vague responses on the merits." (citing Union City Barge Line v. Union Carbide, 823 F.2d 129, 136-37 (5th Cir. 1987))); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990) ("The protection afforded by Rule 56[d] is an alternative to a response in opposition to summary judgment . . . and is designed to safeguard against a premature or improvident grant of summary judgment.").  The nonmovant "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."  Washington, 901 F.2d at 1285.  Even if the Court were to assume that the plaintiff's opposition memorandum constituted a request for a Rule 56(d) continuance, and putting aside the fact that an affidavit or declaration is required, plaintiff fails to identify with any specificity how the witnesses would enable plaintiff to meet her burden in opposing summary judgment.  See, e.g., Am. Family Life Assurance Co. v. Biles, 714 F.3d 887, 894-95 (5th Cir. 2013); Washington, 901 F.2d at 1285.

Accordingly, defendants' motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, August 5, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE