```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

MARY LOUISE LUCIEN COSTE                               CIVIL ACTION

VERSUS                                                 NO. 13-119

LEE OTIS JACKSON, ET AL.                               SECTION F

<u>ORDER AND REASONS</u>

Before the Court is defendants' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

<u>Background</u>

This lawsuit arises out of a motor vehicle accident at the intersection of North Tonti Street and Almonaster Avenue in New Orleans. Almonaster Avenue is a four-lane road with two northbound lanes and two southbound lanes separated by a neutral ground. At around 11:00 a.m. on November 20, 2011, Lee Otis Jackson was driving a dump truck hauling a trailer for his employer, Troy Wilson, eastward on North Tonti Street across Almonaster Avenue. After crossing the two southbound lanes of Almonaster, Jackson proceeded through the neutral ground and began to cross the northbound lanes. Plaintiff alleges that Jackson did not stop at a stop sign in the neutral ground before crossing the northbound lanes, but defendants contend that Jackson properly stopped and looked both ways before proceeding.

Meanwhile, Clint Lee Coste was operating a motorcycle and proceeding north on Almonaster Avenue. As Coste approached the

intersection of Almonaster and North Tonti, he lost control of his motorcycle and began sliding up Almonaster toward the truck and trailer.  Plaintiff alleges Coste lost control attempting to avoid the truck and trailer, and defendants contend Coste lost control of the motorcycle because he was speeding (going about 65 mph in a 35 mph zone).  The plaintiff alleges that Coste collided with the trailer and that his motorcycle either slid under or behind the trailer, coming to rest further up Almonaster Avenue.  Defendants dispute whether Coste collided with the trailer.  Coste was taken by ambulance to the hospital where he was pronounced brain dead and later died.

On November 14, 2012, Mary Louise Lucien Coste, grandmother and dative tutrix of Cordelle Keith Holland, the minor son of Clint Lee Coste, sued Jackson, Wilson, and Acceptance Indemnity Insurance Company in state court, alleging that Jackson's negligence caused the accident resulting in Clint Lee Coste's injury and death.[1]  On January 3, 2013, defendants removed the suit, invoking this Court's diversity jurisdiction.  Defendants now move for summary judgment under Rule 56.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to

---

[1] Although plaintiff originally raised both wrongful death and survival claims, on August 5, 2013 the Court granted summary judgment in favor of defendants on the survival claim.

any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

Although ordinarily a case such as this would be so fact-

intensive that summary relief would not be proper, in this case, plaintiff has filed an "opposition" memorandum that entirely fails to respond to defendants' contention that no genuine issue of material fact exists for trial regarding the only claims remaining in this case, wrongful death. Instead, plaintiff submits nothing more than an exact replica of an earlier memorandum in response to defendants' previous motion for partial summary judgment on the issue of the "no pay, no play" affirmative defense, an issue that has nothing to do with the motion now before this Court. Plaintiff apparently does not intend to pursue her lawsuit. Plaintiff fails to come forward with any facts, or issue-specific argument in law, showing a genuine issue of fact in dispute for trial.[2] Accordingly, defendants' motion for summary judgment is GRANTED. The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, October 8, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's submission is wholly silent regarding the present pending motion. Plaintiff has merely attached to the old opposition memorandum a new affidavit executed by the decedent's brother, Corey Coste, in which he attempts to give what is blatantly his opinion. This testimony is entirely speculative and would clearly be inadmissible at trial. Mr. Coste offers to testify, as one involved in motorcycle drag races, as to the state of the motorcycle tire post-accident and acceleration capacity of the cycle. See Fed. R. Evid. 701, 702.