UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY LOUISE LUCIEN COSTE                      CIVIL ACTION

VERSUS                                        NO. 13-119

LEE OTIS JACKSON, ET AL.                      SECTION F

ORDER AND REASONS

Before the Court is the plaintiff's motion to alter or amend the judgment under Rule 59(e), or, alternatively, for relief from judgment under Rule 60(b). For the reasons that follow, the motion is GRANTED.

Background

This lawsuit arises out of a motor vehicle accident at the intersection of North Tonti Street and Almonaster Avenue in New Orleans. Almonaster Avenue is a four-lane road with two northbound lanes and two southbound lanes separated by a neutral ground. At around 11:00 a.m. on November 20, 2011, Lee Otis Jackson was driving a dump truck hauling a trailer for his employer, Troy Wilson, heading eastward on North Tonti Street across Almonaster Avenue. After crossing the two southbound lanes of Almonaster Avenue, Jackson proceeded through the neutral ground and began to cross the northbound lanes. The plaintiff contends that Jackson did not stop in the neutral ground before crossing the northbound lanes, but the defendants counter that Jackson indeed stopped in the neutral ground and looked both ways before proceeding.

1

Meanwhile, Clint Lee Coste was operating a motorcycle and proceeding north on Almonaster Avenue.  As Coste approached the intersection of Almonaster and North Tonti, he lost control of his motorcycle and began sliding up Almonaster toward the truck and trailer.  The plaintiff contends that Coste lost control attempting to avoid the truck and trailer, and the defendants respond that Coste lost control of the motorcycle because he was speeding (going about 65 mph in a 35 mph zone).  The plaintiff alleges that Coste collided with the trailer and that his motorcycle either slid under or behind the trailer, coming to rest further up Almonaster Avenue. The defendants dispute whether Coste collided with the trailer. Coste was taken by ambulance to the hospital where he was pronounced brain dead and later died.

On November 14, 2012, Mary Louise Lucien Coste, grandmother and dative tutrix of Cordelle Keith Holland, the minor son of Clint Lee Coste, sued Jackson, Wilson, and Acceptance Indemnity Insurance Company in state court, alleging that Jackson's negligence caused the accident resulting in Clint Lee Coste's injury and death.  The plaintiff's complaint included both wrongful death and survival claims.  On January 3, 2013, the defendants removed the suit, invoking this Court's diversity jurisdiction.

On May 10, 2013, the defendants filed their first motion for partial summary judgment on the issue of the "no pay, no play" affirmative defense (which limits a plaintiff's ability to recover

2

damages in a survival action where the decedent failed to carry motor vehicle liability insurance), and on May 30, 2013, the Court granted the motion.  The defendants then filed their second motion for partial summary judgment on the plaintiff's survival claim, and on August 5, 2013, the Court granted that motion.   Then, on September 23, 2013, the defendants moved for summary judgment on the wrongful death claim, and on October 8, 2013, the Court granted the motion.   In granting the motion, the Court noted:

> Although ordinarily a case such as this would be so fact-intensive that summary relief would not be proper, in this case, the plaintiff has filed an "opposition" memorandum that entirely fails to respond to defendants' contention that no genuine issue of material fact exists for trial regarding the only claims remaining in this case, wrongful death.  Instead, plaintiff submits nothing more than an exact replica of an earlier memorandum in response to defendants' previous motion for partial summary judgment on the issue of the "no pay, no play" affirmative defense, an issue that has nothing to do with the motion now before this Court.

Judgment in favor of the defendants was granted the following day. The plaintiff now moves to alter or amend the judgment under Rule 59, or for relief from judgment under Rule 60.

I.

*A.*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.  See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012).  Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight

3

days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc). Because the Court entered the order granting summary judgment on October 8, 2013, and the plaintiff filed the motion to reconsider three days later on October 11, 2013, the motion is timely under Rule 59(e), and such analysis is appropriate.

*B.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule

4

59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 864 (5th Cir. 2003)(quoting <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.

## II. <u>Discussion</u>

### A.

The plaintiff requests the Court reconsider its judgment because counsel committed a "clerical error."  Plaintiff's counsel now says that his paralegal mistakenly filed the replica opposition memorandum.  Counsel insists he prepared a new opposition memorandum, and that he even submitted the correct memorandum when he first attempted to respond; however, because his first submission was marked deficient, the correct memorandum was never

properly filed with the Court.  Counsel notes that he did properly file various exhibits, including affidavits from several witnesses, which he alleges demonstrate genuine issues of material fact. Accordingly, counsel contends reconsideration is necessary in order to avoid a substantial injustice to his client.

The defendant opposes reconsideration, contending that counsel's error is not grounds for amending the judgment.  The defendants maintain that no genuine issue of material fact exists and that the Court properly granted summary judgment.

*B.*

Under Federal Rule 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under Rule 56©, a party opposing a summary judgment motion must "cit[e] to particular parts of materials in the record" to show that a genuine issue exists.  If the party opposing the motion fails to properly show a fact, the Court may "give an opportunity to properly support or address the fact," or it may "consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e).

In <u>Higgenbotham v. Ochsner Foundation Hospital</u>, 607 F.2d 653, 656 (5th Cir. 1979), in considering a previous version of Rule 56©, the Fifth Circuit held that although counsel did not directly bring to the district judge's attention a deposition filed in the record

that created a genuine factual dispute, the Court could not ignore the deposition in ruling on a motion for summary judgment.   The court reasoned that "[Rule 56] does not distinguish between depositions merely filed and those singled out by counsel for special attention."   However, in <u>Skotak v. Tenneco Resins, Inc.</u>, 953 F.2d 909, 915 (5th Cir. 1992), the Fifth Circuit held that although evidence precluding summary judgment appeared elsewhere in the record, because the plaintiffs failed to refer to that evidence in their response to the summary judgment motion, that evidence was not properly before the court for purposes of that motion.   In <u>Skotak</u>, the court called into question the continued vitality of <u>Higgenbotham</u>.  <u>Id.</u> at 915 n.7.   And in <u>Malarca v. Garber</u>, 353 F.3d 393, 405 (5th Cir. 2003), the court reiterated that when a party fails to refer to evidence in the record in its response to the motion for summary judgment, that evidence is not properly before the district court.   Accordingly, it is now well settled that Rule 56 does not impose a duty upon the district judge to search through the record for evidence in support of a party's position regarding summary judgment.  <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs.").

    Here, the plaintiff contends that when the Court considered the defendants' motion for summary judgment, it had before it various exhibits including four affidavits submitted by the

plaintiff.   The plaintiff contends that these affidavits, considered alone and even without the necessary memorandum, established genuine issues of material fact regarding whether the decedent, Clint Coste, was speeding, and whether the defendant, Otis Jackson, stopped in the neutral ground before proceeding into the northbound lanes of Almonaster Avenue.  In its order granting summary judgment, the Court explicitly referenced one affidavit, from the decedent's brother, Corey Coste, and determined that Coste's affidavit was and is inadmissible.  The plaintiff also produced two affidavits from untimely identified witnesses, Frank Williams and Troy James, who did not even witness the accident but who, remarkably, speculated that the decedent may not have been speeding.  But more importantly, one affidavit was put in from a timely identified witness, Charain Nolan, who did witness the accident, could not say whether the decedent was speeding, but who swore that Jackson did not stop in the neutral ground.

Based on Nolan's affidavit alone, however, even without assistance from counsel, the Court could have found that a genuine issue of material fact existed regarding whether Jackson stopped in the neutral ground.  In fact, the Court explicitly acknowledged that summary judgment would not have been appropriate but for counsel's failure.[1]  Recognizing "the need to render just decisions

---

[1]  Notwithstanding the arguable weakness of the plaintiff's submissions and the apparent ineffectiveness of some so-called witnesses, the Nolan affidavit saves the day with regard to the

on the basis of all the facts," <u>see</u> <u>Templet</u>, 367 F.3d at 479, the Court reconsiders its previous order.

The Court does not do so lightly, and recognizes the resulting inconvenience to the defendants. <u>See</u> <u>id.</u> However, because there is no evidence of bad faith on the part of the plaintiff, and because the plaintiff promptly filed the motion to reconsider, the prejudice to the defendants is minimal. <u>See</u> <u>Blois v. Friday</u>, 612 F.2d 938, 940 (5th Cir. 1980).

Nevertheless, although plaintiff's counsel may not have acted in bad faith, this is not the first time he has behaved negligently in this case. Counsel has submitted over a dozen deficient filings and missed multiple deadlines. Most strikingly, counsel failed to timely file a jury demand, and as a result, the plaintiff was forced to waive her right to a jury trial. Counsel should make no mistake that the Court reconsiders its order in the interest of fairness to the minor plaintiff only. Counsel's repeated inattentive conduct has wasted the valuable time and resources of both the defendants and this Court. The Court assesses the costs of all proceedings related to this motion to plaintiff's counsel.[2] Moreover, the Court orders that counsel shall serve a copy of this Order and Reasons on his client and confirm in writing he has done so. Finally, while the Court grants reconsideration and now denies

---

Court's prior summary dismissal.

[2] <u>See</u> 28 U.S.C. § 1927.

summary judgment, it emphasizes that the case will be reopened only for a pretrial conference and the trial.  No other deadlines will be reset.

Accordingly, IT IS ORDERED: that the plaintiff's motion for reconsideration is GRANTED.  IT IS FURTHER ORDERED: that the Court's October 8, 2013 Order & Reasons is amended to reflect the finding that the defendants' motion for summary judgment is DENIED for the reasons herein. All costs related to this motion are assessed to plaintiff's counsel.  A new scheduling order resetting the pretrial and trial dates only shall issue.  All pending motions in limine are continued to the morning of trial.

New Orleans, Louisiana, November 13, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE